STANLEY RAY AND ELIZABETH JONES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 10783-87
United States Tax Court
T.C. Memo 1989-545; 1989 Tax Ct. Memo LEXIS 561; 58 T.C.M. (CCH) 333; T.C.M. (RIA) 89545; October 2, 1989
Stanley Ray Jones, pro se. Helen C. T. Smith, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to section 7443A of the Code and Rule 180. [1]
Respondent determined a deficiency in petitioners' 1983 joint Federal income tax in the amount of $ 1,025, together with an addition to tax under section 6653(a)(1) in the amount of $ 51 and under section 6653(a)(2) in the amount of 50 percent of the interest due on $ 1,025. The issues for decision are (1) whether petitioners are entitled to depreciation, utilities, and additional telephone deductions relating to their Home Interiors business under section 280A; (2) if so, the amount of such deductions which they have substantiated; and (3) whether petitioners are liable for additions to tax for negligence. Some of the facts are stipulated and *563 are so found. Petitioners resided at Shelby, Alabama, when they filed their petition herein. Petitioners deducted various costs related to the sale of home decorating items by petitioner Elizabeth Jones. References hereafter to petitioner refer to Mrs. Jones. Petitioner worked at Davis Drug Company full-time. In June of 1983, she began to sell various home decorating items through a company named Home Interiors. Home Interiors markets its products through direct sales. Petitioner purchased merchandise, books, and hostess items from Home Interiors and displayed them to customers in her home, and at the homes of various hostesses, to the hostess' friends. Whenever a customer placed an order, petitioner ordered the product from Home Interiors and delivered it to the purchaser. Petitioner tended to the Home Interiors business on Saturdays and at night. Petitioners' home was a one-story brick veneer on frame house. It contained 1,931 square feet of heated area, and 621 square feet in carport storage and porch. Petitioners, who had two teenage children, used the living and dining rooms exclusively in connection with the decorating business. These two rooms comprise 339 square *564 feet or approximately 17.5 percent of the total house. In addition to these two rooms, the house contained three bedrooms, two baths, family room 21'6" X 11'6" and a kitchen with dining area. Petitioners had no furniture in either the living room or the dining room. They used the dining room for storage of boxes of home decorating goods and as an office, and the living room contained only displays of goods sold. Petitioner used folding chairs when she had persons in the house to look at the home decorating items. Petitioners also used some hallway space for display pictures of the home decorating goods, but this space was not exclusively used in connection with the business. On their 1983 return, petitioners reported a loss of $ 14,028 from Home Interiors sales. On Schedule C they reported no gross receipts or sales, deducted cost of goods sold of $ 6,066 and expenses of $ 7,962. In fact, petitioner had gross receipts of $ 5,838 and her cost of goods sold was $ 4,392, and thus an overstatement of cost of goods sold of $ 1,674. Petitioners have conceded these adjustments. When petitioner gave the tax return preparer information about the business, she labeled her sales as purchases *565 and the return preparer treated the sales as cost of goods sold. The parties agree that petitioners incurred depreciation totaling $ 1,260, but do not agree about what portion, if any, is deductible from gross income. The parties also agree that petitioners incurred the following expenses related to the business: Disallowed
Per Return
Per Def. Notice
Agreed
Taxes
$ 430
$ 61
$ 370
Hostess gifts
and prizes
314
0
896
Legal expenses
0
0
119
Petitioners claimed $ 2,105 for telephone and utilities, of which respondent allowed $ 162 for telephone and disallowed the remaining $ 1,943. Respondent contends that petitioners did not use a portion of their home exclusively for the Home Interiors business during 1983, either as petitioner's principal place of business for her sales or as a place of business used by customers dealing with petitioner in the normal course of her business. The burden of proof is on petitioners to show that respondent's determination is incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Petitioners have sustained their burden in this case. The living *566 room was exclusively used for display and sales meetings, and the dining room was exclusively used as an office and storage facility for items ordered by customers and not yet delivered. Section 280A, in general, disallows deductions otherwise allowable with respect to the use of a dwelling unit which is used by the taxpayer as a residence. However, section 280A(c) allows, as an exception to the general rule, deductions related to that portion of a residence which is used exclusively as the principal place of a trade or business of the taxpayer. Petitioners thus fit within the exception to the general rule and they are entitled to deductions subject to the limitations of section 280A(c)(5) discussed at length later. We first look to the total deductions which pertain to the business use of the home. The parties are in agreement in regard to the amounts of real estate taxes and home interest paid, as well as depreciation incurred. They are not in agreement in regard to the amount of utilities. In regard to the disallowed utilities, we cannot allow more than the $ 162 for telephone bills previously allowed by respondent. Petitioners placed into evidence copies of several 1983 *567 telephone bills, but gave no testimony or other evidence about those relating to business. They produced no evidence or testimony whatsoever in regard to any other utilities. While it is clear that some portion of the utilities were properly allocable to the business at home, petitioners have given us no basis whatsoever upon which we can make a reasonable estimation. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). They have thus failed to prove that respondent is incorrect in this regard and his disallowance is upheld. We turn now to the total amount of the deduction allowed to petitioners under the provisions of section 280A for the year 1983. That section provides limitations to the total expenses which may be deducted. Section 280A(c)(5) provided, in regard to petitioner's business use of the residence that - * * * the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of -- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit *568 (or portion thereof) was so used. The parties have agreed that petitioner's gross income from the business use of the home was $ 1,446 (gross receipts of $ 5,838, less cost of goods sold of $ 4,392). See Scott v. Commissioner, 84 T.C. 683 (1985). See also sec. 1.61-3, Income Tax Regs. From this figure, we subtract the deductions allowed to petitioner whether or not the home was used in the trade or business, such as property taxes and mortgage interest. The parties stipulated that $ 370 of real estate taxes relate to the business. To this we add 17.5 percent of the home mortgage interest of $ 2,150, or $ 376, for a total of $ 746 which deducted from $ 1,446 leaves $ 700 available in deductions such as depreciation pertaining to the home use for business. Petitioners have claimed they are nevertheless allowed to take depreciation, utilities, and telephone costs as deductions under section 162, whether or not section 280A(a) limits such deductions. The language of section 280A(a) explicitly denies the deduction in that it states that "no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is *569 used by the taxpayer during the taxable year as a residence." Thus, deductions otherwise allowable under section 162 with respect to the use of the dwelling are expressly nonallowable under section 280A unless they fall within the specified exceptions of that section. We turn now to the question of the imposition of additions to tax for negligence. Petitioners had a return preparer complete their 1983 Federal tax return for them, and he testified he took at face value the figures petitioners supplied to him. We note that, inter alia, petitioners who obviously should have known they had some gross receipts from the Home Interiors sales, reported sales figures to him as purchases and failed to note that the Schedule C to the return indicated that there were no gross receipts when in fact they totalled $ 5,838. We hold petitioners were negligent in regard to the entire underpayment, and the additions to tax under section 6653(a)(1) and (a)(2) are upheld. To give effect to this opinion and to concessions by the parties, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, and in effect for the tax year at issue unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩